UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER MEDINA,<br><br>                       Plaintiff,<br><br>  v.<br><br>COUNTY OF SAN DIEGO, et al.,<br><br>                      Defendants. | Case No. 08-cv-01252-BAS-RBB<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO RETAX COSTS** |
| ARLENE SUSAN MEDINA and ROBERT LEO MEDINA,<br><br>                       Plaintiffs,<br><br>  v.<br><br>COUNTY OF SAN DIEGO, et al.,<br><br>                      Defendants. | |

Plaintiffs bring this Motion to Retax Costs requesting that the Court exercise its discretion to deny costs to Defendants because this case presented a close or

difficult legal question, the issue raised by the case was one of public importance, and awarding costs would chill prosecution of future cases such as this. (ECF No. 175.) Defendants oppose, arguing that this case is not out of the ordinary. (ECF No. 176.) The Court, in its discretion, finds this is the kind of extraordinary case that warrants denying costs and therefore **GRANTS** the Motion to Retax Costs. Accordingly, each party must bear their own costs in this case.

## I.     STATEMENT OF FACTS

In the early morning hours of November 16, 2006, Robert Medina died in a volley of gunshots fired at his truck by CHP Officers Nava and Fenton and San Diego County Sheriff Officers Ritchie and Taft. The gunfire was the culmination of an attempted traffic stop, in which Medina failed to yield. Eventually Medina was surrounded by over a dozen law enforcement officers and multiple patrol cars, yet refused to get out of his truck, despite the fact that his truck had been rammed by a patrol car with such force that the squad car's airbag deployed, and both Medina's front and rear passenger tires had been shot out and deflated. The four Defendant Officers collectively fired more than 36 rounds at the truck. When Medina was then pulled from his truck, he was alive, but he died shortly thereafter.

This consolidated lawsuit was filed by Medina's widow and parents. In a Memorandum Decision, the Court of Appeals found the defendants were entitled to qualified immunity because at the time they fired the shots at Medina they "had probable cause to believe that . . . he posed a threat of serious harm to the officers." (ECF Nos. 166, 167.)

Defendants now seek costs from the Plaintiffs in the amount of $34,441.88—$12,165.24 for Defendant Nava, $11,552.72 for Defendants Richie, Taft and County of San Diego, and $10,723.92 for Defendant Fenton. Most of these costs stem from transcripts of depositions taken of the numerous officers present at the scene.

## II.    STATEMENT OF LAW

Under Federal Rule of Civil Procedure 54(d)(1), costs other than attorney's

fees should be allowed to the prevailing party unless a statute, rule, or court order provides otherwise. Thus, Rule 54(d) states a presumption in favor of awarding costs to the prevailing party, but vests discretion with the district court to deny these costs.

In the ordinary case, costs should be awarded to the prevailing party, so a Court that exercises its discretion and orders that costs not be awarded must explain why the case is not ordinary and why "in the circumstances, it would be inappropriate or inequitable to award costs." *Assoc. of Mexican-American Educators v. State of California,* 231 F.3d 572, 593 (9th Cir. 2000). Among other reasons, the Court may consider whether the case involves issues of substantial public importance and whether the issues in the case are close and difficult. *Id*. The Court may also consider "the chilling effect of imposing such high costs on future civil rights litigants." *Id*. (quoting *Stanley v. University of Southern California*, 178 F.3d 1069, 1079–80 (9th Cir.), *cert. denied*, 528 U.S. 1022 (1999)). This is not to say that civil rights defendants do not get the presumption in favor of costs. But the fact that a civil rights litigant raises an important issue, with an answer that is far from obvious, and the risk that future litigants may hesitate before raising such issues, are factors that may appropriately lead the court to refrain from awarding costs.

**III.   ANALYSIS**

Despite Defendants arguments to the contrary, a situation in which police officers shoot and kill an individual is not an ordinary case. It is, one hopes, an extraordinary case, one which should always lead to consideration of how and if a different result could have been reached. Furthermore, this case poses an issue of public importance, far beyond the obvious importance to the litigants. Whenever a police officer kills an individual, the public has a great interest in understanding the justification for the shooting and in the reassurance that the reasons have been fully investigated.

Furthermore, this case was not clear cut. There were numerous officers at the scene, several of whom perceived—in the heat of the moment—the situation

differently than others.  Medina was not armed.  He had not verbally threatened the officers, and, if anything, the situation could be described as chaotic.  It posed a close and difficult legal issue.  In addition, the Plaintiffs in this case, all relatives of the deceased who were not present at the scene, did not have access to facts allowing them to assess the credibility of the different accounts of the police officer witnesses.

Finally, awarding costs in this type of situation could well chill future cases like this one, a case that in the long run benefits the public and the officers.  It reassures the public that after investigation, the officers were justified in their actions.

## IV.   CONCLUSION

Therefore, the Court **GRANTS** Plaintiffs' Motion to Retax Costs (ECF No. 175) and orders that each party bear its own costs in the matter.  Judgment is entered in favor of the Defendants and against the Plaintiffs and the Clerk of Court is ordered to close the case.

**IT IS SO ORDERED**.

**DATED:  March 13, 2017**

Hon. Cynthia Bashant
United States District Judge